IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
EASTERN DIVISION

CHRISTOPHER MOORE                                              PLAINTIFF

VS.                                      CIVIL ACTION NO. 4:09cv132-TSL-LRA

EAST MISSISSIPPI CORRECTIONAL
FACILITY, ET AL.                                              DEFENDANTS

OPINION and ORDER

On October 7, 2009, the plaintiff filed a complaint [1] pursuant to 42 U.S.C. § 1983 and requested in forma pauperis [2] status. An order [5] was entered on March 16, 2010, denying plaintiff's request to proceed in forma pauperis and directing him to pay the filing fee by May 25, 2010. The plaintiff was warned that failure to comply with the order would lead to the dismissal of the instant civil action.

A review of the record finds that the plaintiff failed to comply with the [5] order entered on March 16, 2010, even though he was warned that if he did not comply with the order his case could be dismissed without prejudice and without further notice to him. Therefore, this court finds from the plaintiff's failure to comply with the order of this court and failure to communicate with this court that he lacks interest in pursuing this claim.

This court has the authority to dismiss an action for the plaintiff's failure to prosecute under Rule 41(b) of the FEDERAL RULES OF CIVIL PROCEDURE and under its inherent authority to dismiss the action sua sponte. See Link v. Wabash Railroad, 370 U.S. 626

(1962); McCullough v. Lynaugh, 835 F.2d 1126 (5th Cir. 1988). The court must be able to clear its calendars of cases that remain dormant because of the inaction or dilatoriness of the parties seeking relief so as to achieve the orderly and expeditious disposition of cases. Such a sanction is necessary in order to prevent undue delays in the disposition of pending cases and to avoid congestion in the calendars of the court. Link, supra, 370 U.S. at 630.

Since the defendants have never been called upon to respond to the plaintiff's pleading, and have never appeared in this action, and since the court has never considered the merits of plaintiff's claims, the court's order of dismissal should provide that dismissal is without prejudice. Shaw v. Estelle, 542 F.2d 954 (5th Cir. 1976).

A final judgment in accordance with this opinion and order will be entered.

This the ___3rd___ day of June, 2010.

                                                  /s/Tom S. Lee
                                                  UNITED STATES DISTRICT JUDGE